**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEGUNDO GEOVANNY DIAZ CARTUCHE,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Civil Action No. 26-13214 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Segundo Geovanny Diaz Cartuche's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained. (ECF No. 1.) Respondents filed an answer. (ECF No. 8.)

Petitioner, a citizen of Ecuador, entered the United States on May 2, 2023. (ECF No. 4 at 1.) On October 5, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*)

On October 9, 2026, Petitioner filed the Petition arguing his detention under 8 U.S.C. § 1225(b) is unlawful and his detention without an individualized determination violates his constitutional rights. (*See generally id.*) Alternatively, Petitioner argues that if he is detained under 8 U.S.C. § 1226(a), he is entitled to an individualized bond hearing. (*Id.*) Respondents filed a response submitting Petitioner is lawfully detained under § 1226(a) and has received a bond hearing, where the IJ denied him bond. (ECF No. 8.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen

bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

As relief, Petitioner requests release from custody or an individualized bond hearing. Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), and the relief sought in his Petition, and the Petition is denied.

Accordingly, and for good cause appearing,

**IT IS** on this 27th day of October 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED without prejudice**; it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**